**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| **JANE DOE; RUTH ZERON; and MARCELINA GONZALEZ, on behalf of themselves and a class of employees,** | **No. 3:21-cv-395** |
| **Plaintiffs,** | **District Judge Trauger** |
| **v.** | |
| **FEDEX GROUND PACKAGE SYSTEM, INC.,** | **JURY DEMAND** |
| **Defendant.** | **CLASS ACTION** |

## THIRD AMENDED CLASS ACTION COMPLAINT

For their Third Amended Class Action Complaint against Defendant FedEx Ground Package System, Inc. ("FedEx Ground") under Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), 42 U.S.C. § 1981, and the common law of Tennessee, Plaintiffs Jane Doe, Ruth Zeron, and Marcelina Gonzalez (collectively, "Named Plaintiffs") state as follows:

### PRELIMINARY STATEMENT

This case involves the egregious exploitation of foreign-born, Hispanic women, including sexual exploitation by Samuel Perez ("Perez"), a known sexual predator and a supervisor from FedEx Ground's contractor Allied Facility Care, LLC ("Allied"), that FedEx Ground retained despite the fact that it knew, or should have known, about his criminal activity. Named Plaintiffs and other women reported sexual harassment to Allied and to FedEx Ground, but for years FedEx Ground failed to take remedial actions. Instead, FedEx Ground allowed the predator to retain control over Named Plaintiffs and other foreign-born, Hispanic women. FedEx Ground decided

to keep Allied and its sexual-predator supervisor because it would "cost too much" to change contractors.

## INTRODUCTION

1.      Named Plaintiffs seek to recover damages for themselves and a class of women under Section 1981 for race and alienage discrimination by Allied and FedEx.

2.      Named Plaintiffs seek to represent the following class under Section 1981: Foreign-born, Hispanic women who worked for Allied at the FedEx Nashville and Mount Juliet facilities since May 17, 2017 ("Putative Rule 23 Class").

3.      Named Plaintiffs and the Putative Rule 23 Class also seek to recover damages from FedEx Ground under Tennessee common law for premises liability regarding, among other things, its failure to prevent sexual assaults at its properties and negligent hiring, negligent training, negligent supervision, and negligent retention regarding FedEx Ground's decisions to hire and to retain Allied as a contractor, despite full knowledge of Perez's egregious and outrageous sexual assault and sexual harassment; failure to supervise Allied to prevent the egregious and outrageous sexual assault and sexual harassment; failure to train its employees to prevent sexual assault and sexual harassment on its business premises; and failure to provide adequate security in its facility.

## JURISDICTION AND VENUE

4.      This Court has subject-matter jurisdiction. Named Plaintiffs' claims either arise under federal statutes, 28 U.S.C. § 1331, or are "so related to [the federal] claims . . . that they form part of the same case or controversy under Article III of the United States Constitution," *id.* § 1367(a).

5.      This Court has personal jurisdiction over FedEx Ground; it does business in this District.

6.     Venue is proper in this Court under 28 U.S.C. § 1391(b).  A substantial part of the events giving rise to this action occurred within this District, and FedEx Ground does business in this District.

## PARTIES

7.     Jane Doe ("Doe") is an individual; she resides in Davidson County, Tennessee.

8.     This Court previously granted Doe permission to proceed pseudonymously in this litigation, [Dkt. 63, at 18–19].

9.     Ruth Zeron ("Zeron") is an individual; she resides in Davidson County, Tennessee.

10.    Marcelina Gonzalez ("Gonzalez") is an individual; she resides in Davidson County, Tennessee.

11.    FedEx Ground is a Delaware corporation registered to conduct business in Tennessee.

12.    FedEx Ground's registered agent for service of process in Tennessee is C T Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919.

13.    At all relevant times, Named Plaintiffs and the Putative Class members worked for Allied on the premises of FedEx Ground locations in Nashville, Tennessee, and Mount Juliet, Tennessee.

## FACTS

**A.     Background**

14.    Since at least 2016, FedEx Ground has contracted with Allied for performance of cleaning services at FedEx facilities.

15.    The FedEx Ground "Nashville Facility" is located at 3301 Knight Drive, Nashville, Tennessee 37207.

16.     FedEx Ground owns the Nashville Facility.

17.     The FedEx Ground "Mount Juliet Facility" is located at 100 FedEx Way, Nashville, Tennessee 37122.

18.     FedEx Ground leases the Mount Juliet Facility from its owner, the Joint Economic and Community Development Board of Wilson County, Tennessee.

19.     Since at least 2016, Perez has been employed by Allied and has supervised cleaning staff assigned to work at FedEx Ground distribution locations.

20.     Perez was accused of assault, offensive or provocative contact, on or around November 30, 2016.

21.     John Ballenger ("Ballenger"), an Allied manager located out-of-state, and Courtney Hobbs ("Hobbs"), the FedEx Ground supervisor in charge of maintenance at FedEx Ground's Nashville location, were fully aware of the allegations against Perez.

22.     Perez was charged with assault, offensive or provactive contact, and appeared in court on September 14, 2017.

23.     Allied and FedEx supervisors and managers attempted to testify on Perez's behalf during the prosecution that resulted from Perez's criminal charges.

24.     FedEx Ground supervisory- and management-level employees knew or should have known of the criminal allegations against Perez.

25.     FedEx Ground and/or Allied supervisory-level employees attempted to collect money from employees on behalf of Perez for his legal defense and/or bail.

26.     Perez' employment and supervisory role over cleaning staff at FedEx Ground locations continued after the 2016 criminal allegations.

27.     Perez was allowed to advertise, recruit, interview, hire, supervise, and discipline individuals employed to perform cleaning services at FedEx Ground facilities.

28.     Perez advertised cleaning positions only to foreign-born, Hispanic women by posing as a female though a Facebook group designed only for women.

29.     Perez utilizes the fears and the reticence to report of foreign-born, Hispanic women liked Named Plaintiffs to intimidate them into remaining silent about, and to groom them to accept, his sexual assaults and sexual harassment.

30.     In the recruiting process and the early stages of his supervising each of the Named Plaintiffs, and other similarly sitiuated women, Perez began to groom them to accept his sexual advances.

31.     Perez harassed and intimidated Named Plaintiffs, and other similarly situated women by, among other things,

       a.     Vetting them to see how badly they needed the job;

       b.     Repeatedly asking them to go out with him;

       c.     Offering to reduce their workloads if they would go out with him;

       d.     Threatening to increase their workloads or to have them fired if they refused to go out with him;

       e.     Threatening to write up Named Plaintiffs if they did not go out with him;

       f.     Writing up Named Plaintiffs as punishment for not going out with him; and

       g.     Holding write ups, and possible termination, over the heads of Named Plaintiffs to coerce them into sex.

32.     After Perez groomed Named Plaintiffs, and other similarly situated women, he proceeded to sexually assault them.

5

33.     Perez specifically advertised in Spanish for women to fill the cleaning positions at FedEx Ground on social media.

34.     Perez falsely used the Facebook profile of a female to lure women into contacting him for employment.

35.     Perez did not advertise for men and did not advertise in English.

36.     Each of Named Plaintiffs and other similarly situated women responded to Facebook ads.

37.     Named Plaintiffs and other similarly sitiuated women were contacted and asked to appear for an in-person interview with Perez at one of the FedEx Ground facilities.

38.     Perez interviewed each of the Named Plaintiffs and other similarly situated women.

39.     Perez conducted these interviews without supervision from any employee or representative of Allied or FedEx Ground.

40.     Perez conducted all the interviews at one of the FedEx Ground facilities.

41.     Doe, Zeron, and Gonzalez were each interviewed by Perez separately at one of the FedEx facilities.

42.     Before the interview with Perez, each Named Plaintiff, and other similarly situated women, was required to obtain FedEx Ground credentials from FedEx Ground employees.

43.     Each of the Named Plaintiffs, and other similarly situated women, were interviewed by Perez in the FedEx Ground employee lounge.

44.     Perez hired each of the Named Plaintiffs and other similarly situated women.

45.     Upon hiring, each Named Plaintiff, and other similarly situated women, had her photo taken by a FedEx Ground employee.

46.     Named Plaintiffs, and other similarly situated women, were issued FedEx Ground badges.

47.     Perez assigned the Named Plaintiffs, and other similarly situated women, exclusively to FedEx Ground facilities.

48.     There were no designated Allied office locations within the FedEx Ground facilities.

49.     Perez scheduled the Named Plaintiffs, and other similarly situated women, to work at the FedEx Ground facilities.

50.     Named Plaintiffs, and other similarly situated women, reported to work at their assigned FedEx Ground facility.

51.     Perez told Named Plaintiffs, and other similarly situated women, that women who tried to complain to FedEx Ground supervisor Hobbs were punished with increased work or termination.

**B.      Jane Doe**

52.     Doe was hired on or around October 14, 2019.

53.     Doe worked at the FedEx Ground Mount Juliet facility between approximately October 2019 and April 2020 and then the Nashville facility from approximately May 2020 through August 2020.

54.     During the interview, Perez asked Doe questions unrelated to the work and of a personal nature, including:

      a.     asking why she was working if she was married;

      b.     telling her his wife had cheated on him and he was only with her because of his daughters;

c. asking her if she loved her husband;

d. warning her that he did not want gossipers; and

e. warning her that he would write her up if she talked with others.

55. Perez told Doe to report to FedEx Ground's Mount Juliet location.

56. Perez told Doe that he was the one who gave the orders, that he was the one in control, and that Doe had to do as he told her if she wanted to keep her job.

57. Perez instructed Doe to get into his SUV and he told her, "I'm going to give you the rules of the company. This is how it is for you. I liked you from the moment you filled out the application. If you accept my conditions, then you will always have this job, but if you don't you can go, it doesn't matter. If you want permanent status, then you are going to have sex with me whenever I want it."

58. Perez told Doe that he had complete control over whether she received the $12.50 per hour rate that he promised during the interview process or a lower rate of $10.00 per hour.

59. Doe began to cry and Perez said, "I have told you the arrangement. . . . You have no one to tell. You are an immigrant."

60. Perez then put his hands on Doe's breasts, rubbing back and forth, and grabbed her legs.

61. During work hours, Perez pulled Doe from job assignments.

62. Perez later repeatedly took Doe to isolated areas in FedEx Ground buildings to fondle her.

63. Perez ordered Doe to tell her co-workers that she was being re-assigned to work at another FedEx Ground facility, but instead Perez required Doe to go to a nearby hotel where he raped her.

8

64.    Perez took Doe to area hotels at least four occasions and forced Doe to perform sexual acts during work hours and against her will.

65.    Perez terminated Doe's employment the first time she refused to comply with his sexual demands.

66.    Doe went to FedEx Maintenance Manager Jose Ruiz-Yantin ("Yantin") to report the false discipline and sexual harassment.

67.    Needing money to support her family in the midst of the pandemic and having not received her last check, Doe contacted Perez for the contact information of the HR person so she could get paid money that Allied owed her for work that she performed for Allied.

68.    Perez refused to provide the number but offered Doe and Roe their jobs back.

69.    Doe was reassigned to the Mount Juliet location a month after returning to work.

70.    Perez told another male Allied employee that, if he liked Doe, he could have sex with her, adding, "She's really good."

71.    Perez also offered sex with other foreign-born, Hispanic women to additional male Allied and FedEx Ground employees.

72.    On or around June 7, 2020, Perez obtained the key to the drivers' shower room at the FedEx Ground Nashville Facility.

73.    A FedEx Ground employee provided Perez with the key to the drivers' shower room on or around June 7, 2020.

74.    Perez raped Doe in the FedEx Ground drivers' shower room at the Nashville Facility.

75.    Doe asked Yantin to whom she could report Perez's assault and harassment.

76.    Doe went with Zeron to Yantin to report Perez.

9

77.     During a conversation with Yantin, Doe and Zeron reported that many of the women had experienced abuse at the hands of Perez.

78.     Yantin called Allied managers Tim Davis and Ballenger and told them, "I don't want [Perez] here. . . .  This isn't the first time."

79.     Yantin told Doe and Zeron that he had been trying to get rid of Allied but could not because of a contract and because it would be too expensive for FedEx to get rid of Allied.

80.     On or about June 9, 2020, Doe reported to Ballenger that Perez raped her.

81.     Doe also told Ballenger that Perez was an abuser, discriminator, and exploiter.

82.     Perez was not fired.

83.     Perez was temporarily reassigned to the Nashville Facility.

84.     Perez's repeated rapes, sexual assaults, and sexual harassment of Doe caused her severe emotional distress.

85.     Doe has sought medical treatment for her severe emotional distress.

**C.     Ruth Zeron**

86.     Perez hired Zeron in or around October 2019 to work at the FedEx Mount Juliet facility.

87.     Zeron worked at the FedEx Mount Juliet facility between approximately October 2019 and April 2020 and then the Nashville facility from approximately May 2020 through August 2020.

88.     Zeron rode to work with Doe.

89.     Perez told Zeron to come to his car on FedEx Ground's premises and repeatedly asked Zeron to go out with him.

90.     Perez repeatedly cornered Zeron at the FedEx facility and sexually assaulted her.

91.     Perez coerced Zeron to enter his vehicle on FexEx property during her scheduled work time; he then inappropriately touched Zeron for his sexual gratification, including by touching her vagina.

92.     Although Zeron refused and rejected Perez's propositions, Perez did not stop his advances.

93.     Perez repeatedly propositioned Zeron , including offering her money in exchange for sex or for giving him massages.

94.     After refusing to go to a hotel with Perez, Zeron was assigned double duty and given more physically demanding and less desirable jobs, including heavy trash removal and toilet cleaning.

95.     After Zeron refused to have sex with Perez and refused to give him massages, he retaliated against her by increasing her workload and assigning her to more difficult tasks.

96.     In April 2020, Perez intentionally walked in on Zeron in the shower while she was working and sexually assault her by groping her private areas.

**E.     Marcelina Gonzalez**

97.     Perez hired Gonzalez around March 2020 to work at the FedEx Ground facilities.

98.     Gonzalez worked for Allied until approximately May 2020.

99.     Approximately 2 weeks into her employment, Perez attempted to sexually assault Gonzalez by forcing her to perform oral sex on him.  Perez cornered Gonzalez and came up and grabbed her by the shoulders and pushed her down into a position for performing oral sex. Gonzalez was adamant that she did not want to engage in sexual acts with Perez and pushed him away and told him that she was married with children.  Perez responded that he needed to find

another woman because he wasn't happy with his wife. Gonzalez replied that was between him and God to figure out.

100. After the attempted sexual assault, Gonzalez went to FedEx Ground supervisor Hobbs to report Perez's conduct. Gonzalez used her phone to translate some of the words and to help her explain to Hobbs what Perez had done to her. Rather than taking corrective action, Hobbs defended Perez. Specifically, Hobbs said, "Well, there's plenty of other places to work, and there's plenty of women who are willing to work here without complaining."

101. Upon information and belief, Hobbs told Perez about Gonzalez's complaint, because Perez began treating Gonzalez differently after she reported him.

102. Perez forced Gonzalez to work through all her breaks, including lunch, and told her that he was punishing her because she had gone to Hobbs to report what he had done and that Gonzalez was not allowed to talk to Hobbs about him.

103. Perez targets foreign-born, Hispanic women who are similarly situated to Named Plaintiffs because he believes they are more vulnerable and more easily exploitable than workers born in the United States and workers who are not Hispanic and that they will tolerate his egregious and outrageous sexual assaults, harassment, and rape without reporting it to their employers or to law enforcement.

104. FedEx Ground did not investigate the allegations of sexual assault, rape, and attempted rape from the Named Plaintiffs and other similarly situated women.

105. FedEx Ground did not ensure that the work environment or the FedEx Ground facilities were safe and free from sexual assault or rape for the Named Plaintiffs and other similarly situated women, despite knowing that Perez was a sexual predator who targeted foreign-born, Hispanic women.

106. FedEx Ground knew or should have known that Perez was a sexual predator who targeted the Named Plaintiffs and other similarly situated foreign-born, Hispanic women for sexual assault and rape.

107. FedEx Ground was negligent in hiring, retaining, and supervising Perez and Perez's supervisors.

108. FedEx Ground was negligent in their failing to provide adequate security for its workers and contractors at the various FedEx Ground properties.

109. FedEx Ground was negligent in their failing to adequately train its employees to properly handle complaints of sexual assault or rape at its workplace or as related to the behavior of its contractors or employees towards their subordinates.

110. There are dozens of women who have been targeted for abuse and abused by Perez, despite the fact that FedEx Ground knew or should have known that he was a sexual predator.

111. FedEx Ground supervisor Hobbs has received repeated complaints from women about Perez, but Hobbs responded to these complaints by defending Perez.

## F.     Class Action Allegations

112. Named Plaintiffs will seek class certification on Counts I and II against FedEx Ground under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and the following Putative Rule 23 Class:  Foreign-born, Hispanic women who have worked at the FedEx Nashville and Mount Juliet facilities since May 17, 2017.

113. The Putative Rule 23 Class has several members.

114. The Putative Rule 23 Class is so numerous that joinder of all members is not practical.

115. There are questions of law or fact common to the Putative Rule 23 Class.

116.     For Count I, the common questions of law or fact include whether FedEx Ground discriminated against them based on their race and/or alienage;

117.     For Count I, the the common questions of law or fact include the proper measure of damages for actionable discrimination;

118.     For Count II, the common questions of law or fact include whether FedEx was negligent with respect to Named Plaintiffs' and the Putative Rule 23 Class and the proper measure of damages for actionable negligence.

119.     Named Plaintiffs can fairly and adequately protect the interests of the Putative Rule 23 Class, because they are asserting the same claims as the Putative Rule 23 Class.

120.     Named Plaintiffs can fairly and adequately protect the interests of the Putative Rule 23 Class, because they have no interests adverse to the Putative Rule 23 Class.

121.     Named Plaintiffs can fairly and adequately protect the interests of the Putative Rule 23 Class, because they have retained counsel experienced in class-action employment litigation.

122.     The common questions of law and fact predominate over the variations which may exist between members of the Putative Rule 23 Class, if any.

123.     Named Plaintiffs, the members of the Putative Rule 23 Class, and FedEx Ground all have a commonality of interest in the subject matter and remedy sought, namely compensatory damages, punitive damages, back pay, front pay, interest, costs, and attorneys' fees.

124.     If each Putative Rule 23 Class member injured or affected had to file her own lawsuit, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals, to this Court, and to FedEx Ground.

125.    A class action accordingly is an appropriate method for the fair and efficient adjudication of the non-FLSA claims in this lawsuit and distribution of the common fund to which the Putative Rule 23 Class is entitled.

## COUNT I
### Class Action Race and Alienage Discrimination against FedEx
### 42 U.S.C. § 1981

126.    Named Plaintiffs incorporate by reference all prior allegations in this TAC.

127.    Named Plaintiffs and the Putative Rule 23 Class are members of protected racial classes, namely Hispanic and brown skin.

128.    Named Plaintiffs and the Putative Rule 23 Class are all foreign-born, non-U.S. citizens.

129.    Perez does not sexually assault or sexually harass individuals outside of the protected racial classes.

130.    Perez does not sexually assault or sexually harass individuals born in the United States or who are U.S. citizens.

131.    The sexual assaults and sexual harassment that Perez and FedEx Ground inflicted on Named Plaintiffs and the Putative Rule 23 Class were adverse actions, because they altered the terms and conditions Named Plaintiffs' and the Putative Rule 23 Class members' employment with Allied.

132.    Perez's egregious and outrageous sexual assaults and FedEx Ground's race and alienage discrimination inflicted on Named Plaintiffs and the Putative Rule 23 Class warrant an award of punitive damages.

133.    The adverse actions to which FedEx Ground subjected Named Plaintiffs and the Putative Rule 23 Class caused them damages, including without limitation back pay, front pay,

expenses, pain and suffering, mental anguish, humiliation, loss of enjoyment of life, and attorneys' fees and costs.

## COUNT II
### Class Action Negligence against FedEx
### Tennessee Common Law

134.    Named Plaintiffs incorporate by reference all prior allegations in this TAC.

135.    FedEx Ground owed Named Plaintiffs and the Putative Rule 23 Class members a duty to exercise reasonable care to not hire a contractor that it knew would foreseeably subject Named Plaintiffs and the Putative Rule 23 Class members to egregious and outrageous sexual assaults.

136.    FedEx Ground breached this duty when it hired Allied as a contractor, despite knowing that Perez had a history of sexual assault and sexual harassment.

137.    FedEx Ground's breach of its duty to Named Plaintiffs and the Putative Rule 23 Class members was the cause in fact of Named Plaintiffs' and the Putative Rule 23 Class members' injuries.

138.    FedEx Ground's breach of its duty to Named Plaintiffs and the Putative Rule 23 Class members was the legal cause of Named Plaintiffs' and the Putative Rule 23 Class members' injuries.

139.    FedEx Ground's breach of its duty caused Named Plaintiffs and the Putative Rule 23 Class damages, including without limitation back pay, front pay, expenses, emotional distress, pain and suffering, mental anguish, humiliation, loss of enjoyment of life, loss of consortium, and attorneys' fees and costs.

140.    FedEx Ground owed Named Plaintiffs and the Putative Rule 23 Class members a duty to exercise reasonable care to not retain contractors that it knew would foreseeably subject

Named Plaintiffs and the Putative Rule 23 Class members to egregious and outrageous sexual assaults.

141.    FedEx Ground breached this duty when it retained Allied and Perez as a contractor, despite knowing that Perez had a history of sexual assault and sexual harassment.

142.    FedEx Ground's breach of its duty to Named Plaintiffs and the Putative Rule 23 Class members was the cause in fact of Named Plaintiffs' and the Putative Rule 23 Class members' injuries.

143.    FedEx Ground's breach of its duty to Named Plaintiffs and the Putative Rule 23 Class members was the legal cause of Named Plaintiffs' and the Putative Rule 23 Class members' injuries.

144.    FedEx Ground's breach of its duty caused Named Plaintiffs and the Putative Rule 23 Class damages, including without limitation back pay, front pay, expenses, emotional distress, pain and suffering, mental anguish, humiliation, loss of enjoyment of life, loss of consortium, and attorneys' fees and costs.

145.    FedEx Ground owed Named Plaintiffs and the Putative Rule 23 Class members a duty to adequately train its employees and contractors on how to respond to allegations of sexual assault and sexual harassment against its contractors or others within its facilities.

146.    FedEx Ground breached this duty when it failed to adequately train its employees and contractors on how to respond to allegations of sexual assault and sexual harassment against its contractors or others within its facilities.

147.    FedEx Ground's breach of its duty to Named Plaintiffs and the Putative Rule 23 Class members was the cause in fact of Named Plaintiffs' and the Putative Rule 23 Class members' injuries.

148.     FedEx Ground's breach of its duty to Named Plaintiffs and the Putative Rule 23 Class members was the legal cause of Named Plaintiffs' and the Putative Rule 23 Class members' injuries.

149.     FedEx Ground's breach of its duty caused Named Plaintiffs and the Putative Rule 23 Class damages, including without limitation back pay, front pay, expenses, emotional distress, pain and suffering, mental anguish, humiliation, loss of enjoyment of life, loss of consortium, and attorneys' fees and costs.

150.     FedEx Ground owed Named Plaintiffs and the Putative Rule 23 Class members a duty to adequately supervise its contractors to ensure that the contractors did not sexually assault and sexually harass women on FedEx's business premises.

151.     FedEx Ground breached this duty when it failed to adequately supervise its contractors to prevent sexual assaults and sexual harassment.

152.     FedEx Ground's breach of its duty to Named Plaintiffs and the Putative Rule 23 Class members was the cause in fact of Named Plaintiffs' and the Putative Rule 23 Class members' injuries.

153.     FedEx Ground's breach of its duty to Named Plaintiffs and the Putative Rule 23 Class members was the legal cause of Named Plaintiffs' and the Putative Rule 23 Class members' injuries.

154.     FedEx Ground's breach of its duty caused Named Plaintiffs and the Putative Rule 23 Class damages, including without limitation back pay, front pay, expenses, emotional distress, pain and suffering, mental anguish, humiliation, loss of enjoyment of life, loss of consortium, and attorneys' fees and costs.

155.     FedEx Ground owed Named Plaintiffs and the Putative Rule 23 Class members a

duty to maintain control of its premises where Named Plaintiffs and the Putative Rule 23 Class members were working to avoid exposing Named Plaintiffs and the Putative Rule 23 Class members to an unreasonable risk of harm.

156.     FedEx Ground breached this duty when it permitted Perez to engage in acts of sexual assault and sexual harassment on its premises.

157.     FedEx Ground's breach of its duty to Named Plaintiffs and the Putative Rule 23 Class members was the cause in fact of Named Plaintiffs' and the Putative Rule 23 Class members' injuries.

158.     FedEx Ground's breach of its duty to Named Plaintiffs and the Putative Rule 23 Class members was the legal cause of Named Plaintiffs' and the Putative Rule 23 Class members' injuries.

159.     FedEx Ground's breach of its duty caused Named Plaintiffs and the Putative Rule 23 Class damages, including without limitation back pay, front pay, expenses, emotional distress, pain and suffering, mental anguish, humiliation, loss of enjoyment of life, loss of consortium, and attorneys' fees and costs.

## JURY DEMAND

160.     Named Plaintiffs demand a jury trial.

## PRAYER FOR RELIEF

Based on the foregoing, Named Plaintiffs pray for the following relief from this Court:

A.     Awarding all damages available to Named Plaintiffs and the Putative Rule 23 Class members for the race and/or alienage discrimination they suffered;

B.     Awarding all damages available to Named Plaintiffs and the Putative Rule 23 Class

members for FedEx Ground's negligence;

C.　　　Requiring FedEx Ground to pay all attorneys' fees Named Plaintiffs and the Putative Rule 23 Class members incur to bring and to maintain this action;

D.　　　Requiring FedEx Ground to pay the costs and expenses of this action;

E.　　　Requiring FedEx Ground to pay pre-judgment and post-judgment interest as provided by law;

F.　　　Granting Named Plaintiffs and the Putative Rule 23 Class members any injunctive relief to which they may be entitled; and

G.　　　Granting Plaintiffs and the Putative Rule 23 Class members such other, further, and general relief to which they may be entitled.

Date: April 27, 2022　　　　　　　　Respectfully submitted,

/s/ *Charles P. Yezbak, III*
Charles P. Yezbak, III (TN #18965)
/s/ *Melody Fowler-Green*
Melody Fowler-Green (TN #023266)
/s/ *N. Chase Teeples*
N. Chase Teeples (TN #32400)
YEZBAK LAW OFFICES PLLC
2021 Richard Jones Road, Suite 310-A
Nashville, TN 37215
Tel.: (615) 250-2000
yezbak@yezbaklaw.com
teeples@yezbaklaw.com
mel@yezbaklaw.com

*Counsel for Plaintiffs*